Charles T. DRANEY, individually and as representative of a bondholder class, Plaintiff,

v.

WILSON, MORTON, ASSAF & McELLI-GOTT, et al., Defendants.

No. CIV 79–1029 PHX CLH.

United States District Court, D. Arizona.

April 12, 1984.

Supplemental Opinion Sept. 17, 1984.

F. Pendleton Gaines, III, Alvin H. Shrago, Katherine M. Harmeyer, Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., R. Alan Stotsenburg, David C. Harrison, R. Alan Stotsenburg, P.C., New York City, for plaintiff and the Bondholder Class.

Rogers & Wells, Mitchell L. Lathrop, Terrence L. Bingman, San Diego, Cal., Jennings, Strouss & Salmon, John G. Sestak, Jr., Phoenix, Ariz., for defendants Wilson, Morton, Assaf & McElligott; Wilson, Jones, Morton & Lynch; Ernest A. Wilson and Marjorie Wilson; Gerald A. Laster and Jo Laster; Kenneth I. Jones and Judy Jones; James T. Morton; Andrew C. Hall and Katherine S. Hall; Nancy J. Roth and Harry A. Mooney.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Scottsdale, Donald E. Dyekman, Scottsdale, Ariz., for Jerry and Gudrun Tokoph, IPI of Arizona, Inc., and IPI Community Builders, Inc.

David S. Shughart, II, Phoenix, Ariz., for defendants Pinal County, Mountainview Estates County Improvement District and Jay and Mary Bateman.

Gallagher & Kennedy, Michael L. Gallagher, Kevin E. O'Malley, Phoenix, Ariz., for defendants Thomas A. and Josephine McCarville; Stanfield McCarville Coxon Cole & Fitzgibbons; and Stanfield McCarville, Coxon & Cole.

Brown & Bain, P.A., George E. Hilty, C. Randall Bain, Phoenix, Ariz., for defendant TES Farms and David and Edna Rich.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

During the pretrial conference, the Court directed the defendants Pinal County, Mountainview Estates Improvement District and Jay Bateman (the County defendants) to produce evidence supporting their defense of reliance on advice of counsel alleged in their proposed form of pretrial order. The County defendants' submission discusses their reliance upon the advice of bond counsel generally but contains no evidence. This submission provoked the plaintiff's motion to strike the allegations of the defense of reliance on advice of counsel. The bases for this motion are that the submission does not comply with the Court's order to produce evidence and that reliance on advice of counsel is not a defense in a securities fraud case.

In their response memorandum, the County defendants produced evidence in the form of testimony of individual members of the County Board of Supervisors concerning each board member's reliance upon the advice of the firm Wilson, Jones, Morton & Lynch, bond counsel for the Mountainview Estates bond issuance. The County defendants summarize this evidence as demonstrating the following facts:

[T]hat, (1) [sic] the Pinal County defendants were wholly unsophisticated concerning securities law in general and Improvement District Bond issues in particular; (2) That they employed bond counsel for the purpose of providing extensive legal advice and direction concerning every aspect of their dealings with the Mountainview Estates County Improvement District Bonds; (3) That bond counsel prepared every document and led the Board by the hand through the issuance of the bonds; (4) That bond counsel was specifically questioned about the legitimacy of the Bonds, and the economic feasibility of the Mountainview Estates County Improvement District project; (5) That the Board was repeatedly advised by bond counsel that the Mountainview Estates County Improvement District Bonds were legal and valid in every respect, and that the Mountainview Estates County Improvement District project was economically feasible; (6) That the Board of Supervisors relied wholly upon the advice and direction of bond counsel in passing upon the bonds.

Response to Plaintiff's Motion to Strike, p. 2.

The Court agrees with the County defendants that the evidence does substantiate the above factual allegations, but this evidence proves too much. The County defendants' factual assertions that the Board of Supervisors entrusted to bond counsel responsibility to determine the propriety "of every aspect of their dealings with Mountainview Estates County Improvement District Bonds" and then per-

mitted themselves to be led "by the hand through the issuance of the bonds" requires the conclusion that as a matter of law the County defendants may not present the defense of reliance on advice of counsel.

■ The defense of reliance on advice of counsel is known as a good faith defense or a due care defense insofar as it may counter elements of scienter or negligence respectively. *See* Hawes & Sherrard, *Reliance on Advice of Counsel as a Defense in Corporate and Securities Cases*, 62 Va. L.Rev. 1, 9–19 (1976). Courts that have recognized this defense in the context of securities fraud actions have required the defendant to establish that it:

(1) made a complete disclosure to counsel;

(2) requested counsel's advice as to the legality of the contemplated action;

(3) received advice that it was legal; and

(4) relied in good faith on that advice. *S.E.C. v. Savoy Industries, Inc.*, 665 F.2d 1310, 1314 n. 28 (1981); *see also* Hawes & Sherrard, *supra* at 19.

■ These four requirements reflect the policy that reliance on advice of counsel is an appropriate defense only when the defendant and his counsel have carefully observed and operated within their respective areas of responsibility. Obviously, if the lawyer-client relationship lacks integrity, the defendant cannot justify his good faith reliance.

In this case, the Court concludes that the defense should not be permitted because the County defendants entrusted to bond counsel matters outside of counsel's expertise and in turn created an obvious conflict of interest that undermined the independent judgment of counsel. The County defendants unambiguously stated that the Board of Supervisors relied upon bond counsel to judge the propriety of all aspects of the Mountainview Estates bond project, including such important, nonlegal matters as the economic feasibility of the development itself. Once given this inordinate amount of responsibility and control,

bond counsel, which was paid on the basis of a percentage of the bond proceeds, lost its independence. The County defendants bear the responsibility for creating this conflict of interest and, therefore, they cannot fairly claim reliance on advice of counsel in good faith.

IT IS ORDERED granting plaintiff's motion to Strike Alleged Defense of Reliance on Advice of Counsel.

### Supplemental Opinion

On April 12, 1984, by a Memorandum Opinion and Order, the Court granted plaintiff's motion to strike the county defendants' defense of reliance on advice of counsel. They promptly filed a motion for reconsideration, which was denied. On the basis of remarks made from the bench at the time of oral argument on the motion to reconsider, the county defendants then filed a motion for clarification. The Court now concludes that its April 12, 1984, order was overly broad.

■ Evidence of reliance on advice of counsel is admissible to prove that a defendant acted in good faith or with due care. *See* Hawes and Sherrard, *Reliance on Advice of Counsel as a Defense in Corporate and Securities Cases*, 62 Va.L. Rev. 1, 7–8 (1976) [hereinafter cited as Hawes and Sherrard]. However, good faith reliance on advice of counsel is not an absolute defense. *See U.S. v. Fin. Comm. to Re-Elect the President*, 507 F.2d 1194, 1198 (D.C.Cir.1974); *see also Bisno v. U.S.*, 299 F.2d 711, 719–20 (9th Cir.1961). "Compliance with federal securities laws cannot be avoided simply by retaining outside counsel to prepare required documents." *SEC v. Savoy Industries, Inc.*, 665 F.2d 1310, 1314 n. 28 (D.C.Cir.1981). In reality, reliance on advice of counsel is not so much a defense for liability as it is a factor to be considered. *SEC v. Scott*, 565 F.Supp. 1513, 1535 (S.D.N.Y.1983).

■ Additionally, the defense is available only where the attorney has given *legal* advice. Hawes and Sherrard, *supra*, at 30–31; *see also SEC v. Savoy Industries, Inc., supra.*

It follows that the county defendants could rely upon the advice of their attor-

neys that there had been compliance with the procedural requirements of the law to form the improvement district, to cause bonds to be issued and to sell the bonds. This advice would relate to such matters as the sufficiency of various petitions, the adequacy of various notices required by law, the sufficiency and correctness of the various resolutions required to be adopted by the board of directors and the correctness of the form of the bonds.

However, if county defendants specifically questioned bond counsel about the economic feasibility of the project and bond counsel advised them that the project was economically feasible, the county defendants would not be entitled to rely upon such advice, because the advice relates to a matter of business judgment and not to a legal question.

IT IS ORDERED vacating the Court's order of April 12, 1984, which granted plaintiff's motion to strike alleged defense of reliance on advice of counsel.

IT IS FURTHER ORDERED denying plaintiff's motion to strike alleged defense of reliance on advice of counsel. However, at trial, evidence will be admitted only of reliance on legal advice and not reliance on advice relating to matters of fact or business judgment.